IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIDEL JACKSON,

    Plaintiff,                    No. 2:11-cv-0009 KJN P

    vs.

R.J. RACKLEY, et al.,

    Defendants.           <u>ORDER</u>

                             /

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551

U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question,  id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff has filed a 63 page complaint naming 18 different defendants.  Plaintiff raises numerous general allegations concerning his incarceration at Deuel Vocational Institution, including verbal threats or statements, negligence, malpractice, neglect, and disrespect.[1]  Plaintiff raises numerous allegations concerning the prison grievance process.  While not entirely clear, it appears plaintiff may be attempting to raise allegations concerning mental health care.  Plaintiff also appears to allege defendants failed to protect plaintiff by wrongfully housing him in an upper bunk despite having a lower bunk chrono based on plaintiff's seizure condition.

Plaintiff names the warden and associate warden as defendants herein.  The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is

---

[1] Although plaintiff mentions "excessive force" in his statement of claim (dkt. no. 1 at 3), there are no charging allegations that a named defendant used excessive force against plaintiff.

3

legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation; Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Plaintiff contends various verbal statements violated his constitutional rights. An allegation of mere threats alone fails to state a claim of cruel and unusual punishment under the Eighth Amendment. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987); see Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (neither verbal abuse nor the use of profanity violate the Eighth Amendment). Therefore, these allegations do not raise a cognizable claim for violation of the Eighth Amendment and should not be included, without more, in any amended complaint.[2]

Plaintiff's raises allegations concerning the prison grievance procedure and certain defendants' actions in connection thereto. Plaintiff is advised that prisoners have no due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (unpublished administrative policy statements of the Arizona Department of Corrections in establishing a grievance procedure created no protected liberty interest); see also

---

[2] Of course, those alleged statements relevant to cognizable civil rights claims may be used to demonstrate a particular element of the claim.

4

Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. Numerous district courts in this circuit have reached the same conclusion. See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal. 1999) (failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (prison officials' failure to properly process and address grievances does not support constitutional claim); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983). Therefore, plaintiff should not renew these allegations in any amended complaint.

As noted above, it appears plaintiff seeks to assert claims concerning mental health care. To constitute cruel and unusual punishment in violation of the Eighth Amendment, conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless: (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).

A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate

indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) ("If the harm is an 'isolated exception' to the defendant's 'overall treatment of the prisoner [it] ordinarily militates against a finding of deliberate indifference."); McGuckin, 974 F.2d at 1060.

Moreover, to the extent plaintiff challenges the systemic provision of mental health care in prison, such claims are barred by Coleman v. Schwarzenegger, No. 2:90-cv-0520 LKK JFM (E.D. Cal.), a class action suit concerning mental health care in California state prisons. Also, if plaintiff challenges the systemic provision of medical care in prison, those claims are barred by Plata v. Schwarzenegger, No. C 01-1351 THE (N.D. Cal.), a class action suit concerning the adequacy of medical care provided throughout the California state prison system.

Finally, plaintiff appears to allege he was wrongfully housed in an upper bunk despite having a lower bunk chrono based on plaintiff's seizure condition, in violation of the Eighth Amendment. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain. . . ." Rhodes, 452 U.S. at 347. Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id. Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833. To establish a violation of this duty, the prisoner must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to

the inmate's safety. Farmer, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious. . . ." Farmer at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know [ ] of and disregard[ ] an excessive risk to inmate health or safety." Farmer at 837.

It appears plaintiff may be able to state a cognizable claim for failure to protect and placing plaintiff's safety at risk by housing him on an upper bunk despite the provision of a lower bunk chrono. However, it is unclear which defendant or defendants had actual knowledge of plaintiff's lower bed chrono and which defendant or defendants plaintiff alleges were deliberately indifferent to plaintiff's safety. In addition, although plaintiff provided documents demonstrating he had exhausted this claim to the second level review, he has not provided the Director's Decision demonstrating he completed exhaustion through the third level of review. Plaintiff is advised that he is required to exhaust his administrative remedies prior to filing in federal court; exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). Barry v. Ratelle, 985 F.Supp. 1235, 1237-38 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). Accordingly, in an amended complaint, plaintiff should renew his allegations concerning the wrongful placement in an upper bunk, but should identify each defendant who had knowledge of plaintiff's lower bunk chrono, provided plaintiff alleges that each such defendant was deliberately indifferent to plaintiff's safety. If plaintiff has completed the Director's Level Review he may state that he has completed that level of review, or he may provide a copy of the Director's decision.[3]

For the reasons stated above, the court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is

---

[3] In addition, plaintiff may ask the court to remove the exhibits appended to the original complaint and re-attach them to plaintiff's amended complaint.

7

frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

1  Plaintiff may join multiple claims if they are all against a single defendant. Fed.
2 R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple
3 lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff's amended complaint should not contain a diary of alleged transgressions; rather, it should specifically address cognizable civil rights claims with enough specificity to provide each defendant notice of the alleged violation of plaintiff's constitutional rights.

Finally, the court is aware that plaintiff is presently pursuing two other civil rights actions in this court.[4] In Jackson v. Cates, Case No. 2:10-cv-2070 EFB, plaintiff raises allegations concerning his medical care, as well as issues surrounding his alleged wrongful placement in an upper bunk. In Jackson v. Salinas, Case No. 10-cv-2370 KJM, plaintiff raises allegations of excessive force. Plaintiff is cautioned that he may not pursue the same claims against the same defendants in two different court cases. If plaintiff chooses to file an amended complaint in this action, he should take care to raise claims not included in those other two pending cases.

////

---

[4] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: February 28, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

jack0009.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIDEL JACKSON,

      Plaintiff,                        No. 2:11-cv-0009 KJN P

    vs.

R.J. RACKLEY, et al.,              <u>NOTICE OF AMENDMENT</u>

      Defendants.

_____/

      Plaintiff hereby submits the following document in compliance with the court's order filed _____:

      _____      Amended Complaint

DATED:

                                             _____
                                             Plaintiff